IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KODACO CO., LTD.**                                                     **PLAINTIFF**

**V.**                                                    **NO: 3:23CV211-GHD-JMV**

**VALLEY TOOL, INC.; WAREHOUSE 72, LLC; HYDE EXCAVATION; FRANK HYDE, JR.; SASHA HYDE; CAYCE WASHINGTON; MICHELLE WASHINGTON; and JOHN DOES 1-3**                   **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTION TO CONSOLIDATE

Presently before the Court is Plaintiff Kodaco, Co., LTD's Motion to Consolidate [47] requesting that this action be consolidated with two other cases pending in the Northern District of Mississippi. Defendants Valley Tool, Inc., Cayce Washington, and Michelle Washington have responded in opposition to the motion. The Court, upon due consideration, for the reasons set forth herein, finds that the motion is not well taken and should be denied.

Plaintiff's Motion to Consolidate [47] requests that the Court consolidate this action, 3:23cv211-GHD-JMV (*Kodaco Co. Ltd., v. Valley Tool, Inc., et al*), with actions 3:23cv98-MPM-RP (*Wontae Die Casting Co. Ltd., v. Warehouse 72, LLC.*) and 3:23cv138-GHD-JMV (*Shilla Industrial Co., Ltd., v. Warehouse 72, LLC et al*) pursuant to F.R.C.P. 42(a). Each of these actions concern a 2022 warehouse fire that resulted in damage to each plaintiff's inventory. Plaintiff Kodaco asserts that due to the commonality of facts and legal issues, consolidation of these three actions would be more efficient and avoid duplicitous litigation as opposed to having them proceed independently.

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at

1

issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." A district court has broad authority to consolidate actions in accordance with Rule 42(a). *Luera v. M/V ALBERTA*, 635 F.3d 181, 194 (5th Cir. 2011). "District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases." *Hall v. Hall*, 138 S.Ct. 1118, 1131 (2018). District courts in this Circuit consider a variety of factors when addressing a motion to consolidate, including:

> (1) whether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is a risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving the cases, and (8) whether consolidation will reduce the cost of trying the cases separately.

*Hawkins v. Cypress Point Apartments*, 2021 WL 6773591 at *1 (S.D. Miss., Feb. 10 2021) (citing *Troupe v. Barbour*, No. 3:10-CV-153-HTW-MTP, 2016 WL 7650605 at *1, 2016 U.S. Dist. LEXIS 189218 at *5-6 (S.D. Miss. Dec. 6, 2016); *Crest Audio, Inc. v. QSC Audio Prods.*, No. 3:12-CV-755-CWR-FKB, 2016 WL 3249217 at *2, 2016 U.S. Dist. LEXIS 80561 at *5-6 (S.D. Miss. Mar. 4, 2016).

The Court acknowledges that a July 30, 2022, warehouse fire is the basis for each of these three actions, however, there exists many differences and variables in each of these actions. First, each action has different defendants and different claims being asserted. The case of *Shilla* (3:23cv138-GHD-JMV) involves claims of negligence, UCC 72-7-204, breach of bailment, and breach of contract against multiple defendants, with most also being defendants in this action. The case of *Wontae* (3:23cv98-MPM-RP) asserts claims of negligence and breach of contract against Warehouse 72, LLC only. The present case of *Kodaco* (3:23cv211-GHD-JMV) asserts claims of

2

piercing the corporate veil of Valley Tool and Warehouse 72, breach of contract, negligent misrepresentation, breach of bailment, and negligence.

The Court notes that while each of the cases share a few similarities, overall, the parties and claims being asserted are vastly different. Also, each action is at a slightly different stage of proceedings, with multiple pending summary judgment motions, each making different arguments due to differing contractual relationships between the involved parties. Consolidation would lead to confusion due to each case involving different contracts, parties, arguments, and evidence. The Court also notes that the Plaintiff in this action is the only party in any of the relevant three actions who has motioned for consolidation.

In sum, it appears to the Court that each action should remain separate in the interests of judicial economy. Consolidating these three actions would involve comingling parties who are not involved with each other legally or contractually and also bring together claims and evidence unrelated to a majority of the parties. Each action concerns different parties, involves different counsel, and is currently at somewhat of a different stage in the proceedings. Also, each individual action involves a separate contractual relationship with specific facts, parties, claims, and evidence that would be best adjudicated separately as to avoid confusion. Defendants bringing this motion also demonstrate concern with potential prejudice at trial, as the jury would be potentially exposed to each individual contract and parties' course of dealing, even though these aspects could, and likely would, vary greatly from party to party, having little to no relevance with the other parties. Also factoring into the Court's decision is the fact that the parties involved in the cases of 3:23cv98-MPM-RP (*Wontae Die Casting Co. Ltd., v. Warehouse 72, LLC.*), which would be the lead case, and 3:23cv138-GHD-JMV (*Shilla Industrial Co., Ltd., v. Warehouse 72, LLC et al*) have

3

not requested consolidation. Considering each of the eight factors set forth in Rule 42(a), the Court finds that overall, the factors weigh in favor of leaving the actions separate and not consolidating.

THEREFORE, it is **ORDERED** that Plaintiff's Motion to Consolidate [47] is DENIED.

**SO ORDERED AND ADJUDGED**, this the 13th day of November, 2023.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE