**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**KODACO CO., LTD.**                                                                                 **PLAINTIFF**

**v.**                                                       **CIVIL ACTION NO. 3:23-cv-211-GHD-JMV**

**VALLEY TOOL, INC.; WAREHOUSE 72, LLC;
HYDE EXCAVATION; FRANK HYDE, JR.;
SASHA HYDE; CAYCE WASHINGTON;
MICHELLE WASHINGTON; and JOHN DOES 1-3**                **DEFENDANTS**

### ORDER GRANTING IN PART MOTION TO COMPEL

This matter is before the court on Defendant Valley Tool, Inc.'s Motion to Compel [Doc. No. 88], in which the defendant seeks to compel certain interrogatory responses and the production of certain documents. Plaintiff has filed its Response in Opposition [Doc. No. 91] along with its corresponding Memorandum [Doc. No. 92], and Defendant Valley Tool Inc. has filed its Reply [Doc. No. 93]. Having reviewed the matter and the parties' briefing, the court finds the motion to compel is hereby GRANTED, IN PART, as explained hereafter.

By way of background, Plaintiff Kodaco Co., Ltd.'s ("KODACO") Complaint [Doc. No 1] in this matter seeks damages against the named Defendants, including Valley Tool, Inc. ("VTI"), based on, among other bases, a 2015 agreement between KODACO and VTI for product storage at a particular warehouse, and a subsequent fire on July 30, 2022, that occurred at another warehouse where the KODACO property was stored. This fire resulted in the destruction of KODACO's inventory without insurance against acts of God being in place.

KODACO's stated causes of action against VTI and others include: (1) breach of the 2015 contract between KODACO and VTI (alleged to require VTI to provide act of god insurance

coverage); (2) alleged negligent misrepresentation that such coverage was being provided; (3) breach of bailment duties; (4) negligence and negligence *per se*, and (5) gross negligence.[1] With respect to the negligent misrepresentation claim, in particular, Plaintiff alleges:

> 59. As alleged herin, VTI, WH72, the Hydes, and the Washingtons agreed to insure the inventory stored by KODACO in the subject warehouse against fire, burglary, and acts of God.
>
> 60. These Defendants' failure to procure the agreed upon insurance for KODACO's inventory stored in the subject warehouse as required by the terms of the agreement constitutes a negligent misrepresentation.
>
> 61. These Defendants' misrepresentation was material and significant, because, without such agreement to insure its inventory, KODACO would not have entered into the Agreement with these Defendants.
>
> 62. In furthering this misrepresentation, these Defendants failed to exercise that degree of diligence and expertise KODACO is entitled to expect of them as warehouse operators.

Subsequently, VTI propounded discovery to KODACO inquiring in relevant part, and KODACO responded, as follows:

> INTERROGATORY NO. 9: List each warehouse used in the United States by Plaintiff for the past five years.
>
> RESPONSE: KODACO objects to Interrogatory No. 9 on the basis that it is overly broad, unduly burdensome, not proportional to the needs of this case, not limited in scope, and unlikely to lead to the discovery of admissible information or information relevant to the claims or defenses asserted in this matter. Subject to and without waiving these objections, KODACO responds as follows:
> In the past five years, KODACO has used the subject warehouse, the Warehouse 72, LLC facility in Charleston, Mississippi, and the Arkman Warehouse located in Chicago, Illinois.
>
> INTERROGATORY NO. 10: For each warehouse identified in the preceding interrogatory, identify whether such warehouse service provider provides (or has provided

---

[1] Plaintiff also purports to assert a cause of action against all Defendants for piercing the corporate veil, or alter ego. However, "'alter ego' is not a substantive claim but merely a procedural argument that, if successful, allows a plaintiff to pierce the corporate veil and recover from a corporation's shareholders [or an LLC's members]." *EDW Invs., LLC v. Barnett*, 149 So.3d 489, 492 (Miss. 2014) (citing *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1047 (Miss. 1989)); see also *Restaurant of Hattiesburg, LLC v. Hotel & Restaurant Supply, Inc.*, 84 So.3d 32, 46 (Miss. Ct. App. 2012) ("An attempt to pierce the corporate veil is not itself a cause of action but rather is a means of imposing liability on an underlying cause of action, such as a tort or breach of contract.").

within the last five years) insurance for damage to Plaintiff's goods caused by acts of God, including fire loss, and if so, the terms of such insurance (deductible, cost, term, etc.).

RESPONSE: KODACO objects to Interrogatory No. 10 on the basis that it is overly broad, unduly burdensome, not proportional to the needs of this case, not limited in time and scope, and unlikely to lead to the discovery of admissible information or information relevant to the claims or defenses asserted in this matter. Subject to and without waiving these objections, KODACO responds as follows:
 Regarding the Arkman Warehouse in Chicago, Illinois, the warehousing provider explained to KODACO that it has insurance in place covering KODACO product damaged by acts of God, including fire.

REQUEST NO. 15: Produce any and all documents from 2015 to present showing Kodaco's request, insistence, or demand that any warehouse housing its goods contain lightning protection, fire suppression or protection, or fire alarm capability.

RESPONSE: KODACO objects to Request No. 15 to the extent it is overly broad, unduly burdensome, and not proportional to the needs of this case, and to the extent it seeks to shift a legal duty applicable to Defendants in this action to KODACO. Subject to and without waiving these objections, KODACO responds as follows:
 Please refer to the Storage Agreement produced as KODACO 0476-0486 and the documents being produced as KODACO 0492-0511.

REQUEST NO. 16: Produce any and all documents from 2015 to present showing Kodaco's efforts to obtain insurance covering its products warehoused with others for Acts of God.

RESPONSE: KODACO objects to Request No. 16 to the extent it seeks to shift a legal duty applicable to Defendants in this action to KODACO. Subject to and without waiving this objection, KODACO responds as follows:
 Pursuant to the terms of the Storage Agreement produced as KODACO 0476-0486, it was the responsibility of Valley Tool, Inc. and/or Warehouse 72, LLC to obtain insurance covering KODACO products warehoused at the subject warehouse from Acts of God. Therefore, KODACO has no documents responsive to this request.
 Further, please refer to the emails previously produced as VT_Kodaco 1862-1880, KODACO 0450, VT_Shilla 1050-1051, 1094-1095, 1188-1190, 1424-1431, 1436-1446, 1448-1451, 1454-1458, 1462-1465, 1498-1502, 1900-1901, 2024-2087, and 2103-2188.

VTI now seeks to compel KODACO to "fully answer Interrogatory Number 10 and provide the details and terms of the purported 'acts of God' coverage in place at its other US-based warehouse for the 2015-present time period … and to produce the documents related to such coverage, including any warehousing agreement with Arkman and/or policy of insurance

covering its products for acts of God." *See* Memorandum in Support re Motion to Compel [Doc. No. 89 at 5].

> In support of its motion to compel, Valley Tool argues it:
>
> should be allowed to probe the sincerity of (1) Kodaco's belief that Valley Tool insured its goods … and (2) Kodaco's averment that it would not have deposited its goods with WareHouse 72, LLC but for an agreement in place to insure those goods. As the record currently stands, Kodaco has the best of both worlds—it asserts that its other US-based warehouse provides insurance covering its goods for "acts of God," but it refuses to verify its position with the warehousing agreement, insurance policy or the terms of coverage.

*See* Memorandum in Support re Motion to Compel [Doc. No. 89 at 4].

On the other hand, KODACO argues, with focus on the breach of the 2015 contract claim, that KODACO's unrelated storage contract in another state with another party has no relevance to the enforceability of a contract executed in Mississippi by different parties for different product at different warehousing, pursuant to the laws of a different state. And, while I agree, the fact remains that KODACO has apparently asserted claims that are not necessarily dependent on the existence of an enforceable 2015 written contract between KODACO and VTI. Among the many claims made is that VTI, in failing to procure insurance coverage for acts of God breached its alleged obligation to act as KODACO reasonably expected of a warehouse operator. *See, e.g.*, Complaint [Doc. No. 1 at ¶ 61]. In short, without regard to the ultimate viability of such a claim under applicable Mississippi law, I do find that the fact—or not—that KODACO stored product with another warehouse operator who did not procure act of God insurance to cover the product might tend to show that KODACO's alleged reliance on VTI, as an alleged warehouse operator, to do so in this case is less persuasive (and vice versa). This factor, the apparent relevant ease and lack of expense in supplying the subject insurance information at the Arkman warehouse, the availability of protection against disclosure of

confidential information,[2] and the significant amount of the fire loss involved support the discovery of that portion of the information and/or documents sought by way of motion to compel *that were actually asked for in discovery*. That information is: the amount of the deductible charged for such act of God coverage since 2015 at the Arkman warehouse, the term during which it applied/applies, and the cost for the same. I do not find that there was a prior request for production of the Arkman warehousing agreement itself, or of any insurance policy in effect thereat, nor do I find such a request for production to be relevant to the claims in issue here.

THEREFORE, IT IS ORDERED that Defendant VTI's Motion to Compel [Doc. No. 88] is granted in part as described above. Plaintiff shall produce the specific information identified herein and is given 7 business days to do so.

**SO ORDERED,** this the 31st day of January, 2024.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] This information shall be disclosed for attorneys' eyes only absent further order of this Court.