IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

KODACO CO., LTD.                                                  PLAINTIFF

V.                                                           NO: 3:23CV211-GHD-JMV

VALLEY TOOL, INC.; WAREHOUSE 72,
LLC; HYDE EXCAVATION; FRANK
HYDE, JR.; SASHA HYDE; CAYCE
WASHINGTON; MICHELLE
WASHINGTON; and JOHN DOES 1-3                         DEFENDANTS

<u>MEMORANDUM OPINION GRANTING PLAINTIFF'S MOTION TO DENY OR DEFER
CONSIDERING VALLEY TOOL, INC. AND THE WASHINGTONS' MOTION FOR
SUMMARY JUDGMENT</u>

      Presently before the Court is the Plaintiff's Motion to Deny or Defer [53] ruling on the Motion for Summary Judgment [49] filed by Defendants Valley Tool, Inc., Cayce Washington, and Michelle Washington (collectively "the Defendants"). The Defendants have responded in opposition to Plaintiff Kodaco's motion, and for the reasons set forth below, the instant motion [53] shall be granted.

Rule 56(d) of the Federal Rules of Civil Procedure states:

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

      Fed. R. Civ. P. 56(d). "Rule 56 does not require that any discovery take place before summary judgment can be granted...." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990). However, the Fifth Circuit has found that while discovery may not be required before summary judgement can be granted, summary judgment is appropriate only where "the plaintiff has had full opportunity to conduct discovery." *Bailey v. KS Management Services, L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (citing *McCoy v. Energy XXI GOM, L.L.C.*, 695 F. App'x 750, 758–

1

59 (5th Cir. 2017) (quoting *Brown v. Miss. Valley State Univ.*, 311 F.3d 328, 333 (5th Cir. 2002)). To balance these holdings, the Court must look to the submissions of the party seeking the denial or deferment to determine if a plausible basis for believing that specified facts probably exist and that these facts uncovered during discovery will influence the pending summary judgment motion. *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 422–23 (5th Cir. 2016)

"While Rule 56(d) motions are broadly favored and should be liberally granted, the party filing the motion must demonstrate how additional discovery will create a genuine issue of material fact." *Id.* (citations and quotations omitted). Rule 56(d), however, "does not 'permit a plaintiff to go fishing.'" *Anderson v. Morris*, 2018 U.S. Dist LEXIS 53154, at *8, 2018 WL 1546549 (N.D. Miss. March 29, 2018) (quoting *Kean v. Jack Henry & Assocs., Inc.*, 577 F.App'x 342, 347 (5th Cir. 2014)). The Plaintiff "'must [thus] set forth a plausible basis for believing the specified facts ... probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Nelson v. Sparks*, 2016 U.S. Dist. LEXIS 206, at *9, 2016 WL 55350 (N.D. Miss. Jan. 4, 2016) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citation and quotation omitted)).

Rule 56(d) affidavits or declarations "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby*, 600 F.3d at 561 (5th Cir. 2010) (quotation marks and citation omitted). Plaintiffs may not "'simply rely on vague assertions that discovery will produce needed, but unspecified, facts.'" *Smith*, 827 F3d at 423 (5th Cir. 2016) (quoting *Washington*, 901 F.2d at 1285 (5th Cir. 1990)). While "Rule 56(d) relief does not depend on the filing of an affidavit or declaration, the failure to do so provides sufficient grounds for denial of the request." *Miller v.*

2

*City of Leland*, 2020 U.S. Dist. LEXIS 29960, at *3, 2020 WL 870226 (N.D. Miss. Feb. 21, 2020) (citing *Leza v. City of Laredo*, 496 F. App'x 375, 377-78 (5th Cir. 2012)).

The Defendants urge the Court to deny the Plaintiff's motion to deny or defer ruling on their motion for summary judgment as additional discovery would not change the facts of the case, which allegedly demonstrate that Valley Tool owed no duty to Kodaco and therefore cannot be liable for the losses sustained by Kodaco. Specifically, the Defendants assert that Valley Tool was not in possession of any of the goods damaged in a warehouse fire, instead, the Defendants claim that Kodaco's goods were being stored by Warehouse 72, LLC instead.

The Plaintiff, Kodaco, argues that the discovery process will prove the opposite, that there was in fact an agreement with Valley Tool to store the goods and that Valley Tool owed a duty to protect the stored goods. Kodaco also asserts that discovery will lead to the showing that Valley Tool and Warehouse 72 were acting as a single operation when entering into the storage and warehousing agreement and that the parties contracted to insure Kodaco's goods. Kodaco has shown that much of the communication regarding its warehousing agreement was done with Valley Tool instead of Warehouse 72, and Kodaco states that additional discovery will expand on this argument, among numerous others touched on in the briefing.

In sum, the Plaintiff has identified facts that are anticipated to be revealed or expanded upon through additional discovery. "[T]he Plaintiff's intention to provide a more substantive and detailed response should not be taken lightly, considering she has a burden at the summary judgment stage to 'go beyond the pleadings' and 'designate specific facts showing that there is a genuine issue for trial.'" *Waddell v. Miss. Dept. of Wildlife, Fisheries and Parks*, 2020 WL 3669938 (N.D. Miss. July 6, 2020) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (citation omitted). Further, it is clear that the non-moving party has

3

diligently pursued discovery as required since the filing of the present motion. *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017). There was little discovery completed, thus little evidence available, at the time the Defendants filed their motion for summary judgment, and although the Defendants assert that this is all that is needed for the Court to properly rule on the matter, the Court disagrees.

For the reasons stated above, the Plaintiff Kodaco Co. Ltd.'s Rule 56(d) Motion to defer [53], or in the alternative deny, ruling on the Defendants' pending motion for summary judgment is GRANTED.

An order in accordance with this opinion shall issue this day.

This the 10th day of April, 2024.

SENIOR U.S. DISTRICT JUDGE