IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

KODACO CO., LTD.                                                                                         PLAINTIFF

v.                                                                       CIVIL ACTION NO.: 3:23-CV-211-GHD-JMV

VALLEY TOOL, INC.; et al.                                                                            DEFENDANTS

**MEMORANDUM OPINION**

Presently before the Court in this action is the Defendant Valley Tool's motion for summary judgment [Doc. No. 164], the Defendant Warehouse 72's motion for summary judgment [Doc. No. 182], the Defendant Cayce Washington's motion for summary judgment [Doc. No. 166], the Defendant Sasha Hyde's motion for summary judgment [Doc. No. 179], the Defendants' motion to exclude expert testimony [Doc. No. 175], and the Plaintiff's motion to exclude expert testimony [Doc. No. 177].

Upon due consideration, the Court finds the Defendant Cayce Washington's motion for summary judgment and the Defendant Sasha Hyde's motion for summary judgment should be granted; both parties' motions to exclude expert testimony should be granted in part; and the remaining pending motions denied, except as to Warehouse 72's motion for summary judgment insofar as that motion pertains to the Plaintiff's claim for breach of contract and the Defendant Valley Tool's motion for summary judgment insofar as that motion pertains to the Plaintiff's claim for breach of contract in relation to Article 5 of the Agreement, both of which will be granted.

*I.     Factual and Procedural Background*

This matter arises from a July 30, 2022, lightning strike in Water Valley, Mississippi, which caused a fire and ultimately the destruction of a warehouse and its contents, including automotive components owned by the Plaintiff Kodaco and stored in the warehouse. Kodaco

claims "approximately $3,500,000.00 worth of business property" was stored at the subject warehouse, which was owned and operated by the Defendant Warehouse 72, at the time the warehouse burned and now brings claims under contract, tort, and common law principles against the four remaining Defendants – Valley Tool, Warehouse 72, Cayce Washington, and Sasha Hyde.

Kodaco Co., Ltd. is a Korea-based corporation that provides components and products to the automobile parts manufacturing industry, including manufacturers and suppliers operating in Mississippi. [1]. Valley Tool, Inc. is a warehousing business that operated under the name Valley Tool in Yalobusha County, Mississippi, prior to the opening of Warehouse 72; Defendant Cayce Washington and former Defendant Michelle Washington are the sole officers of Valley Tool. WareHouse 72, LLC ("Warehouse 72") is a Mississippi warehousing entity that provided warehousing services at the subject warehouse in Water Valley until that warehouse burned down in 2022; Defendants Cayce Washington and Sasha Hyde, along with former Defendants Michelle Washington and Frank Hyde are the sole members and officers of Warehouse 72.

The Plaintiff and Valley Tool entered into a Storage Agreement ("the Agreement") in October of 2015 [1-1]. Among other provisions, the Agreement required Valley Tool to store the Plaintiff's product "in good faith and with duty of care;" permitted Valley Tool, with the Plaintiff's consent, to "change the storage place" and to use a third party (Warehouse 72) to store the goods; and contemplated insurance requirements, which were left as an "open issue." [1-1].

On the evening of Saturday, July 30, 2022, lightning struck Warehouse 72's Water Valley warehouse, causing a fire that ultimately burned down the warehouse and its contents. Because the fire occurred on a weekend, the warehouse was closed at the time, and the fire went unnoticed until a patrolling local police officer saw smoke and called the fire department approximately two

2

hours after the lightning strike. The fire department arrived shortly thereafter. Ultimately, the fire could not be extinguished, and the warehouse and its contents were consumed by the fire.

After the fire, this litigation followed. The Plaintiff sued seven Defendants, including WareHouse 72, LLC; Valley Tool, Inc.; Cayce and Michelle Washington; Hyde Excavation; and Frank and Sasha Hyde. The Plaintiff has voluntarily stipulated to the dismissal of its claims against Hyde Excavation, Frank Hyde, and Michelle Washington. [134, 219]. In essence, the Plaintiff alleges claims against the remaining Defendants for breach of contract, negligence, breach of bailment, and negligent misrepresentation. The Defendants, as noted above, have filed the pending opposed motions for summary judgment. The parties have also filed competing opposed motions seeking to exclude testimony from the opposing side's expert witness.

## *II. Summary Judgment Standard*

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions,

3

answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378, 127 S. Ct. 1769, 167 L. Ed. 2d 686 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

### *III.  Analysis and Discussion*

The Plaintiff essentially asserts three claims against the Defendants: a breach of statutory duty claim, a general negligence claim, and a breach of contract claim. The Court will discuss each in turn.[1]

#### *A.  Plaintiff's Negligence Claims*

The Plaintiff's negligence claims derive from statutory and common law principles. As for the Plaintiff's general common law negligence arguments, to establish negligence under Mississippi law, a plaintiff must show the defendant owed a duty to the plaintiff, breached that duty, caused damage to the plaintiff, and that breach of the duty of duty was the proximate cause of those damages. *Cox v. Jesco, Inc.*, 2019 WL 5399506, *2 (N.D. Miss. 2019) (citing *Huyn v. Phillips*, 95 So. 3d 1259, 1262 (Miss. 2012)).

---

[1] The Court notes at the outset that in this diversity action, the *Erie* doctrine applies; thus, the Court's determinations regarding the Plaintiff's state law claims are guided by Mississippi state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78-80 (1938); *Centennial Ins. Co. v. Ryder Truck Rental, Inc.*, 149 F.3d 378, 382 (5th Cir. 1998).

4

The Plaintiff argues the Agreement created a duty on the part of Valley Tool and Warehouse 72 to store the Plaintiff's product "in good faith and with duty of care." The Court agrees insofar as Valley Tool is concerned – Article 3 of the Agreement plainly places that duty upon Valley Tool [1-1, at pp. 1-2]. In addition, because this case involves the storing or warehousing of goods, the Plaintiff argues Mississippi's bailment statute imposes a duty of care upon Valley Tool and Warehouse 72. That statute provides:

> A warehouse is liable for damages for loss of or injury to the goods caused by its failure to exercise care with regard to the goods that a reasonably careful person would exercise under similar circumstances. However, unless otherwise agreed, the warehouse is not liable for damages that could not have been avoided by the exercise of that care.

Miss. Code Ann. 75-7-204(a). The Court finds that the bailment statute potentially imposes liability upon Warehouse 72 and/or Valley Tool if the Plaintiff shows that one or both of them failed to exercise reasonable care with regard to the Plaintiff's goods that were warehoused with those Defendants. The extent of the duty the statute places upon the Defendants, however, and whether they breached that duty, is a question of fact. *Jordan v. Federal Compress & Warehouse Co.*, 126 So. 31, 33 (Miss. 1930).

Along those lines, the Plaintiff avers, *inter alia*, that the Defendants "failed to exercise ordinary care to safely store Kodaco's inventory stored at the subject warehouse" due to their failure to install a lightning suppression system, a fire suppression system, and a fire alarm and warning system at the subject warehouse, as well as their failure to use non-flammable storage materials, failure to properly permit egress and ingress to the warehouse, failure to procure insurance covering the Plaintiff's inventory, and failure to properly space the warehouse's inventory, thereby leaving the Plaintiff's product negligently unprotected in case of fire. [Doc. 1, at pp. 14-18]. The Defendants do not focus their arguments on the veracity of these allegations;

5

rather, they primarily argue they did not have a duty to protect the Plaintiff's goods, or, if they did have such a duty, their actions or inactions did not proximately cause the Plaintiff's damages.

The Court finds the Defendants' arguments unavailing at this juncture and that, at a minimum, genuine issues of material fact exist as to whether the Defendants are liable for negligence. The Agreement and the bailment statute, at minimum, demonstrate the existence of a genuine issue of material fact as to whether the Defendants owed a duty of care with regard to the Plaintiff's goods; the extent of that duty and whether the Defendants breached that duty, as noted above, is a question of fact that the Court will leave for a jury's determination. *Jordan*, 126 So. at 33. The Plaintiff argues, and the Court agrees, that the Defendants' alleged actions and inactions, detailed above and largely undisputed, create a genuine issue of material fact as to whether that duty of care was breached and proximately caused the Plaintiff's damages. In any event, the Defendants have not shown that they are presently entitled to judgment as a matter of law on the Plaintiff's negligence claims. Accordingly, the Defendants Valley Tool and Warehouse 72 are not entitled to summary judgment as to the Plaintiff's claims of negligence.

### B. *Plaintiff's Breach of Contract Claims*

In October 2015, as noted above, Valley Tool and Kodaco entered into a Storage Agreement [1-1]. In the Agreement, Valley Tool agreed to store the Plaintiff's goods "in safety" and "in good faith with duty of care." [1-1, at pp. 1-2]. The Agreement also permitted Valley Tool, with the Plaintiff's consent, to "change the storage place, storage facilities, . . . or make a third party to store the Product." [1-1, at p. 2]. Valley Tool utilized this provision, with the Plaintiff's consent, to permit Warehouse 72 to store the Plaintiff's goods at a new location, which is the warehouse that caught fire.

The Plaintiff asserts a breach of contract claim against both Valley Tool and Warehouse 72 for an alleged breach of the Storage Agreement. As for Warehouse 72, it is undisputed that Warehouse 72 was not a party to the Agreement and did not sign the Agreement. While Valley Tool did use Warehouse 72 as a third party to store the Plaintiff's goods, which was permitted under the Agreement, that fact does not render Warehouse 72 a party to the Agreement. It is likewise clear that a bailment relationship, such as that which existed between the Plaintiff and Warehouse 72, does not create a separate claim for breach of contract. *CFC Fabrication, Inc. v. Dunn Construction Co.*, 917 F.2d 1385, 1391 (5th Cir. 1990); *Wachob Leasing Co. v. Gulfport Aviation Partners, LLC*, No. 1:15-cv-237, 2017 WL 5247918, at *2 (S.D. Miss. Jan. 25, 2017). The Plaintiff cites no authority to the contrary and cites no authority for its assertion that Warehouse 72 was a party to the Agreement or somehow breached the Agreement. Accordingly, no genuine issues of material fact exist as to this claim and Warehouse 72 is entitled to judgment as a matter of law. The Court shall, therefore, grant Warehouse 72's motion for summary judgment as to the Plaintiff's claim for breach of contract.

Valley Tool, however, was a party to the Agreement, a fact it does not dispute. The Agreement specifically provides in Article 3 that Valley Tool "shall, in good faith and with duty of care, store the Product," and in Article 12 provides that Valley Tool "shall compensate Kodaco for damages or losses of the Product unless Valley Tool successfully proves that Valley Tool or its employee has provided its services required for storing the Product in good faith." [1-1, at pp. 1-2, 4]. The Plaintiff alleges that Valley Tool breached these provisions by, *inter alia*, failing to provide fire warning and suppression systems at the subject warehouse and by failing to pay the Plaintiff for its destroyed inventory. At this juncture, the Court agrees with the Plaintiff that Valley Tool has potentially breached these provisions. At a minimum, the Court finds that the Defendant

Valley Tool has shown neither the absence of any genuine issues of material fact related to this claim nor that it is entitled to judgment as a matter of law as to its potential breach of these contractual provisions. Its motion for summary judgment as to these provisions (Article 3 and Article 12), therefore, shall be denied.

With respect to the Agreement's provision (Article 5) regarding insurance, however, the Court agrees with Valley Tool that there was no mutual assent to sufficiently definite terms regarding insuring the Product for damages caused by Acts of God to form a binding contract. The Agreement itself specifically states that insurance coverage was an "OPEN ISSUE," leading the Court to the inescapable conclusion that the parties had not reached agreement on this topic [1-1, at p. 2]. See *Logan v. RedMed, LLC*, 377 So. 2d 956, 962 (Miss. 2024) (holding that mutual consent is required before contractual provision is enforceable). The Plaintiff's own representative and Account Manager, Ken French, testified during his deposition that no agreement was reached as to the Agreement's insurance coverage provision and that it was left as an open issue [164-17, at pp. 33-34, 37]. In addition, Mr. French testified that the Plaintiff drafted the Agreement; as the drafting party, any ambiguous provisions are interpreted against the Plaintiff's position. *Mississippi Comm'n on Environmental Quality v. Bell Utilities*, 135 So. 3d 868, 878 (Miss. 2014) (holding that if a contractual provision is ambiguous, "the Court applies the meaning more favorable to the non-drafting party."). Accordingly, as to the portion of Valley Tool's motion for summary judgment seeking judgment as a matter of law regarding the Plaintiff's claim for breach of contract as to Article 5 of the Agreement, regarding insurance coverage, the Court finds that there is no genuine issue of material fact and that Valley Tool is entitled to judgment as a matter of law. This portion of Valley Tool's motion for summary judgment, therefore, shall be granted.

### C. *The Plaintiff's Claims Against the Individual Defendants*

The remaining Individual Defendants, Cayce Washington and Sasha Hyde, have both

moved for summary judgment as to the Plaintiff's pending negligence and breach of contract claims. The Court finds that summary judgment in favor of the Individual Defendants is warranted because neither Individual Defendant was a party to the subject Agreement and neither Individual Defendant owed a duty, under common law or the bailment statute, to the Plaintiff regarding the subject goods that were destroyed by fire.

Simply put, neither Individual Defendant was a party to the Agreement between the Plaintiff and Valley Tool – Cayce Washington signed the Agreement in his corporate capacity as the President of Valley Tool, not in his capacity as an individual [1-1, at p. 7], and Sasha Hyde neither signed the Agreement nor was made a party to the Agreement. Nor did the Agreement place any personal duties on either of the Individual Defendants. Thus, neither Individual Defendant can be held liable for any breach of contract unless the Plaintiff can establish facts sufficient to pierce the corporate veil. *Gray v. Edgewater Landing, Inc.*, 541 So. 2d 1044 (Miss. 1989). Here, the Plaintiff has abandoned its alter ego theory of recovery against Defendant Cayce Washington, ending the inquiry as to him. As to Defendant Sasha Hyde, who was a member of Warehouse 72, LLC, the Plaintiff has not identified any instance under Mississippi law where a limited liability company's liability was extended to its owners or members outside of cases involving bodily injury or fraud, conversion, or defamation, none of which are present here. As noted above, Warehouse 72 was not a party to the Agreement and did not sign the Agreement; indeed, the Court has already determined that Warehouse 72 is entitled to summary judgment regarding the Plaintiff's breach of contract claim against it. The same is true for Sasha Hyde as a member of Warehouse 72.

As for the negligence claims pending against the Individual Defendants, the Plaintiff has failed to show that either Individual Defendant possessed an *independent* or *personal* duty of care

9

to the Plaintiff apart from the duty of their respective corporate entities. The Mississippi Supreme Court's holding in *Gray* makes this clear, holding that "[a]s agents for a disclosed principal, however, they incur no individual liability, absent fraud or other equivalent conduct." *Gray*, 541 So. 2d at 1047. Here, the Plaintiff's complaint does not identify any alleged fraud on the part of either Individual Defendant. Accordingly, neither Individual Defendant can be liable in tort for the Plaintiff's damages. Summary judgment in favor of the Individual Defendants is therefore appropriate, and the Plaintiff's claims against them shall be dismissed.

### D. *The Parties' Competing Motions to Exclude Expert Testimony*

The parties have filed competing motions seeking to exclude or limit expert testimony – the Plaintiff seeks to exclude or limit certain opinions of Neil Wu's testimony and the Defendants seek to exclude testimony expected to be offered by Phillip Keena. Both motions seek primarily to ensure that the opposing expert witness does not offer impermissible legal conclusions.

As for the Plaintiff's motion, Mr. Wu, designated by the Defendants as a fire protection engineering expert, is a retired professional fire protection engineer and certified fire safety inspector with extensive experience investigating fires. He has testified as an expert by deposition in both state and federal courts on nine previous occasions [Wu Expert Report, Doc. 177-3]. The Plaintiff objects to certain testimony and conclusions in Wu's deposition and expert report that the Plaintiff characterizes as impermissible legal conclusions. The Defendants have agreed that "Mr. Wu does not intend to offer any 'legal opinions' and Defendants do not intend to elicit such testimony" at trial [Doc. 208, at p. 1].

Mr. Keena, the Plaintiff's designated expert fire protection and safety engineering expert, is a certified fire investigator and retired firefighter. He has testified as an expert at trial and by deposition in state and federal courts on six previous occasions [Keena Expert Report, Doc. 175-

10

3]. The Defendants argue that Mr. Keena's proffered testimony and conclusions veer into the realm of legal conclusions; they further argue that his testimony does not go far enough into the standards a reasonably prudent warehouser would have implemented under similar circumstances as those existing in this case. As is the case with the Defendants' expert, the Plaintiff concedes that Mr. Keena will not offer legal conclusions at trial and will not testify in contradiction to his amended report [Doc. 202, at p. 1].

First, the Court holds that the concessions each party has made regarding their expert's testimony largely renders the competing motions to exclude as moot. Both experts are highly qualified and the Court finds their knowledge will help the trier of fact to understand the evidence or to determine a fact in issue in this case, and that their testimony satisfies both Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Accordingly, the Court finds both experts are qualified to testify as to the matters outlined in their respective expert designations and reports, and that any arguments for exclusion of testimony, particularly in light of the parties' concessions, go to the "weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cnty.*, 80 F.3d 1074, 1077 (5th Cir. 1996).

Further, the Court is confident that it can protect against the possibility of objectionable expert testimony at trial without resorting to a blanket ban on all testimony by either side's expert witness. See, e.g., *Mears v. Jones*, No. 1:17-CV-6-KS-MTP, 2019 WL 3483157, at *1 (S.D. Miss. July 31, 2019). The parties may offer timely objections to any such testimony at trial.[2]

Finally, and most crucially given the parties' primary objections, the Court notes it is

---

[2] "Differences in expertise bear chiefly on the weight to be assigned to the testimony by the trier of fact, not its admissibility" and the "exclusion of general categories of testimony is not appropriate." *Huss v. Gayden*, 571 F.3d 442, 452 (5th Cir. 2009); *Clark v. Lard Oil Co., Inc.*, No. 2:18-CV-109-KS-MTP, 2019 WL 4305744, at *5 (S.D. Miss. Sept. 11, 2019).

axiomatic that "[e]xperts cannot 'render conclusions of law' or provide opinions on legal issues." *Renfroe v. Parker*, 974 F.3d 594, 598 (5th Cir. 2020) (quoting *Goodman v. Harris Cnty.*, 571 F.3d 388, 399 (5th Cir. 2009)). Accordingly, neither Mr. Wu nor Mr. Keena will be permitted to offer legal conclusions at trial and counsel will not seek to elicit any such testimony. The Court does note, however, that while experts cannot offer conclusions of law, "[a]n opinion is not objectionable just because it embraces an ultimate issue." Fed. R. Evid. 704(a); *Goodman*, 571 F.3d at 399. The Court is confident that it can protect against the possibility of objectionable expert testimony at trial without resorting to a blanket ban on all testimony by either side's expert witness. See, e.g., *Mears*, 2019 WL 3483157, at *1. The parties may offer timely objections to any such testimony at trial. The Court shall therefore grant each party's motion to exclude to the extent each motion seeks to prohibit testimony that constitutes a legal conclusion; to the extent that either motion seeks further limitations on testimony, that request is denied at the present juncture. The parties may offer timely objections at trial to any testimony they deem objectionable.

## *IV. Conclusion*

In sum, for all of the foregoing reasons, the Court finds that the Defendant Cayce Washington's motion for summary judgment [166] and the Defendant Sasha Hyde's motion for summary judgment [179] should be granted and the Plaintiff's claims against those Defendants dismissed; the Defendant Warehouse 72's motion for summary judgment [182] should be granted as to the Plaintiff's claim for breach of contract and otherwise denied; the Defendant Valley Tool's motion for summary judgment [164] should be granted as to the Plaintiff's claim for breach of contract in relation to Article 5 of the Agreement and otherwise denied; and both parties' motions

to exclude expert testimony [175, 177] should be granted in part as herein described.

An order in accordance with this opinion shall issue this day.

THIS, the 23rd day of September, 2024.

_____
SENIOR U.S. DISTRICT JUDGE